UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>        Plaintiff,<br><br>    v.<br><br>HOYAS OWNER LLC, et al.,<br><br>        Defendants. | Case No. 20-cv-08445-JST<br><br>**ORDER TO SHOW CAUSE**[1]<br><br>Re: ECF No. 17 |

Before the Court is Defendant's motion to dismiss for failure to state a claim. ECF No. 17. At issue is the scope of a hotel's obligation, under the Americans with Disabilities Act, to:

> Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms; [and]
> Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs[.]

28 C.F.R. § 36.302(e)(1)(i)-(ii) (the "Reservations Rule"). Plaintiff's complaint alleges that Defendant's reservation system failed to adequately identify and describe the accessible features in the guestroom he considered booking. Defendant argues that its reservation system complies with the Reservations Rule, as interpreted by the Department of Justice, and thus it prevails as a matter of law. *See* 28 C.F.R. Pt. 36, App. A.

The Ninth Circuit has yet to interpret the Reservations Rule, but appeals are currently

---

[1] This order is copied nearly verbatim from the Order to Show Cause issued in *Whitaker v. GRM Bayshore Property Owner, LLC*, Case No. 20-cv-06879-JSC, ECF No. 19 (N.D. Cal. July 27, 2021).

pending in at least two cases. *Love v. Marriott Hotel Servs., Inc.*, No. 20-cv-07137-TSH, 2021 WL 810252 (N.D. Cal. Mar. 3, 2021), *appeal docketed*, No. 21-15458 (9th Cir. Mar. 15, 2021); *Garcia v. Gateway Hotel L.P.*, No. CV 20-10752 PA (GJSx), 2021 WL 936176 (C.D. Cal. Feb. 25, 2021), *appeal docketed*, No 21-55227 (9th Cir. Mar. 10, 2021).  The cases concern the issue of law squarely raised in Defendant's motion to dismiss.  Accordingly, Plaintiff and Defendant are ordered to show cause as to why this action should not be stayed pending a Ninth Circuit ruling in one or both of the above-cited cases.  Each party shall submit a written response to this Order by **September 10, 2021** showing cause as to why this action should not be stayed.

**IT IS SO ORDERED.**

Dated:  September 2, 2021



JON S. TIGAR
United States District Judge